**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ROBERT S. SCRUGGS**                                                                                       **PLAINTIFF**

**v.**                                             **No. 3:12CV8-M-A**

**JIM HOOD, ET AL.**                                                                   **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Robert S. Scruggs who challenges the constitutional validity of the Mississippi statute under which he was convicted, MISS. CODE ANN. § 41-29-139 (the criminal statute involving controlled substances). The plaintiff brings these claims under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

Though his allegations are sparse, it is clear that Mr. Scruggs wishes to challenge the validity of Mississippi's controlled substances statute. The court takes judicial notice that, according to the Mississippi Department of Corrections website, Mr. Scruggs is currently serving a sentence of thirty years on multiple convictions for the possession and sale of cocaine – convictions under the statute Scruggs challenges. As discussed below, this claim must be dismissed.

*Heck v. Humphrey*

In *Heck v. Humphrey* the Supreme Court clarified the relationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a

claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, the plaintiff's success in his challenge to the constitutionality of the statute under which he was convicted would certainly draw into question the validity of his conviction or sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Scruggs has made no such showing; therefore, the this case will be dismissed without prejudice to the petitioner's ability to raise the claim should his conviction be invalidated. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 13th day of March, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**